UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61708-CIV-TORRES

CONSENT CASE

THE FORMULA, INC., a Florida
corporation, on behalf of its Joint Venture
Partners,

           Plaintiff,

vs.

MAMMOTH 8050, LLC, a Delaware limited
liability company,

           Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

This matter is before the Court on Plaintiff's Motion to Remand ("Plaintiff's Motion") [D.E. 26].[1] The Formula, Inc. ("Formula") contends that removal by Mammoth 8050, LLC ("Mammoth") was untimely, and moves to remand the case to state court. Mammoth filed a Response [D.E. 27] and Formula filed a Reply [D.E. 28]. Defendant's Motion is thus ripe for disposition.

After carefully considering the arguments of counsel, and for the reasons that follow, this Court hereby **GRANTS** Formula's Motion to Remand.

### I.  INTRODUCTION

On October 11, 2007, Formula filed a complaint in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. On October 23, 2007, Formula served a Summons and Complaint on Mammoth. On November 15, 2007, a

---

[1] The parties consented to this Court's jurisdiction in this matter. [D.E. 21].

default was entered against Mammoth. On November 21, 2007, Mammoth filed its Verified Motion to Set Aside Default. On November 26, 2007, Mammoth removed the instant action to this Court based upon complete diversity of citizenship. [D.E. 1].

Over the next several weeks, prior to filing their Motion to Remand, Formula filed the following items in this Court: (i) a Response to Mammoth's Removal Status Report [D.E. 8]; a Notice of Refiling and/or of Related Cases [D.E. 20]; a Joint Consent to Jurisdiction by a United States Magistrate Judge [D.E. 21]; and a Certificate of Interested Persons and Corporate Disclosure Statement [D.E. 25]. Then, on December 13, 2007, Formula filed its Motion to Remand, arguing that Mammoth's removal was untimely and defective.

## II.   ANALYSIS

### A.   *Mammoth's Notice of Removal is Defective*

A notice of removal must be filed within thirty days after service of the summons and complaint. 28 U.S.C. § 1446(b). The thirty day period is not jurisdictional, but is rather a strictly applied rule of procedure that may not be extended by the court. *Torres v. AIG Claim Servs.*, 957 F. Supp. 1271, 1273 (S.D. Fla. 1997). The removal statute is strictly construed against the removing party and any doubt as to the right of removal is resolved in favor of remand. *University of S. Ala. v. American Tobacco Co.,* 168 F.3d 405, 411 ("Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly."); *Harris Corporation v. Kollsman, Inc.*, 97 F. Supp. 2d 1148, 1150-51 (M.D. Fla. 2000).

Pursuant to 28 U.S.C. § 1447(c), the Court may remand an action to state court based upon any defect in the removal procedure, including an untimely filed notice of removal. *See In re The Uniroyal Goodright Tire Co.,* 104 F.3d 322, 324 (11th Cir. 1997).

A motion to remand the case must be made within thirty days after the filing of the notice of removal. 28 U.S.C. § 1447(c)

Here, Formula served Mammoth with a copy of the Summons and Complaint on October 23, 2007, thus the thirty day removal period expired on Friday, November 23, 2007.  See Fed. R. Civ. P. 6(a); *see generally Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999).  Mammoth erroneously calculated the thirty day time frame so as *not* to include November 23, 2007 (believing that the Court was closed the day after Thanksgiving) and failed to file a notice of removal until November 26, 2007.  Technically, November 23rd is *not* a legal holiday, as defined for instance in Federal Rule 6(a)(4) – only Thanksgiving Day itself is a legal holiday.  Admittedly, the day after Thanksgiving is, for all practical purposes, a day in which many people do not go to work to kickoff the holiday buying-spree season (i.e., Black Friday).  It is thus understandable that one may treat that day as a continuation of the Thanksgiving holiday.  But no Federal statute, Court Rule, or Court Order deems that Friday as a holiday per se.  And, indeed, in this case S.D. Fla. Admin. Notice 16-07 made clear that the Clerk of the Court for the Southern District of Florida would remain open to the public – albeit with a skeleton crew – on Friday, November 23rd, for "essential duties," one of those being the filing of papers due on that day.

Mammoth concedes this fact but argues that, under the circumstances, there is good cause to excuse this technical one-day delay.  The Court, however, is duty bound to strictly apply and enforce section 1446(b) that is an express statutory requirement for removal.  The statute was drafted in mandatory language ("shall be filed within thirty days") and, thus, the failure to comply with the statute "can fairly be said to render the removal 'defective' and justify a remand pursuant to Section 1447(c)." *Ware v. FleetBoston*

*Fin. Corp.*, 180 Fed. Appx. 59, 62 (11th Cir. 2006) (quoting *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir. 1999)).

Nevertheless, a district court may not *sua sponte* decide to remand a case for procedural defects other than lack of subject matter jurisdiction. *Hammond v. Aetna Health Inc.*, No. 07-CV-139-ORL-28DAB, 2007 WL 853751 at *2 (M.D. Fla. Mar. 19, 2007) (citing *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP,* 365 F.3d 1244, 1245 (11th Cir. 2004)). A trial court may remand a case that has been improperly removed, but the district judge should wait for the plaintiff to reveal whether they want to forgive the procedural defect and accept a federal forum. *Velchez v. Carnival Corp.*, 331 F.3d 1207 (11th Cir. 2003). "Procedural defects in removal are in this respect similar to the lack of personal jurisdiction and other shortcomings that may be waived or forfeited." *Hammond*, 2007 WL 853751 at 2 (citations omitted). Plaintiff's Motion indisputably indicates that Formula wishes to have the case heard in state court. That is where Plaintiff initially chose to file this action, and that state court has a Constitutional right to resolve controversies filed in that court. *University of S. Ala.,* 168 F.3d at 411. Thus, we must conclude that the Court does not have discretion to retain jurisdiction in light of Formula's timely challenge to the timeliness of removal.

We reject Mammoth's position that an inadvertent, good-faith, short delay is not a bar to removal. *See, e.g., Stone St. Capital v. McDonald's Corp.*, 300 F. Supp. 2d 345, 351 (D. Md. 2003) (remanding a case where removal was only one day late). As the Supreme Court recently held in the context of the "jurisdictional" time period for filing a notice of appeal, "[j]urisdictional treatment of statutory time limits makes good sense. Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider. Because Congress decides whether federal courts can hear cases at all, it can also determine when, and under what conditions, federal courts can hear

them." *Bowles v. Rossell,* ___ U.S. ___, 127 S. Ct. 2360, 2365 (2007).  That analysis squarely applies to the statutory time period for removal.  Congress decided that federal courts should have removal jurisdiction, but Congress also limited the conditions under which federal courts can assume removal jurisdiction.  It would make no sense if a federal court could simply ignore those conditions simply because of inadvertence or good-faith mistakes.

Mammoth relies on *Loftin v. Rush*, 767 F.2d 800, 805 (11th Cir. 1985) and *Reese v. South Florida Water Mgmt. Dist.*, 853 F. Supp. 413 (S.D. Fla. 1994), but we find these cases inapposite.  *Loftin* and *Reese* involved untimely removal by the United States Government under 28 U.S.C. § 1442, rather than diversity removal under 28 U.S.C. § 1441, and are thus of limited relevance to this case.  As *Reese* explained:

> It is well settled that removal under § 1442 differs from removal under § 1441. Section 1442 is intended to protect federal interests by providing federal officials a federal tribunal in which to litigate matters concerning acts committed in their federal capacity. Unlike § 1441, § 1442 is a jurisdictional grant in itself giving the federal court subject matter jurisdiction over the entire case.  It is not merely a mechanism for removing a case that properly could have been filed in federal court in the first place.

*Reese*, 853 F. Supp at 414.

Mammoth also relies on *Hernandez v. Six Flags*, 688 F. Supp. 560, 563 (C.D. Cal. 1988), for the proposition that remand is only mandatory where (i) removal was improvident, and (ii) the court lacks jurisdiction.  The statutory language on which that interpretation is based comes from a superseded version of section 1447(c). *See Dietrich v. Cooperstein,* No. C94-4333-FMS, 1995 U.S. Dist. LEXIS 1588 at *6 (N.D. Cal. Feb. 3, 1995).

We acknowledge that there are limited instances in which the untimeliness of defendant's notice of removal does not necessitate remand, but we find the facts here warrant no such exception. *See, e.g., Grover v. Comedial Corp.,* 275 F. Supp. 2d 750 (W.D.

Va. 2003) (notice of removal was late because the courthouse was closed for inclement weather); *Total Energy Corp v. Stolt*, 334 F. Supp. 2d 413, 414-15 (S.D.N.Y. 2004) (defendants filed the notice of removal on time, and the non-compliance with the local rule requiring a particular civil cover sheet was not a proper ground to defeat an otherwise timely filed notice of removal).

In sum, we find that Mammoth's Notice of Removal was technically defective and, absent a waiver of that failure, subject to remand to state court under section 1447(c).

> B. ***Formula Did Not "Waive" Its Right to Object to Mammoth's Untimely Removal***

Although litigants cannot ignore by stipulation the time requirements of section 1446(b), certain post-removal conduct on the part of plaintiffs can preclude them from objecting to removal on timeliness grounds. *Harris*, 97 F. Supp. 2d at 1152. This conduct is sometimes deemed a "waiver" or "estoppel." *Id.* (citing *Transport Indemnity Co. v. Financial Trust Co.*, 339 F. Supp. 405, 407 (C.D. Cal. 1972)). On this issue, *Harris* elaborated:

> To silence plaintiff's timeliness objection, defendant would have to show that it reasonably relied to its detriment on plaintiff's representations that it would not object to removal on timeliness grounds. Plaintiff's representations must take the form of affirmative conduct or unequivocal assents of a sort which would render it offensive to fundamental principles of fairness to remand.

*Harris*, 97 F. Supp. 2d at 1152 (internal citations omitted).

There are a number of other factors to consider in determining whether a party has waived its right to seek remand: the nature and gravity of the defect in removal; principles of comity and judicial economy; relative prejudice to the parties, including deference to the plaintiff's choice of forum; actions taken by the party seeking remand that imply it has affirmatively sought the federal court's intervention. *See Koehnen v. Herald Fire Ins. Co.*, 89 F.3d 525, 528 (8th Cir. 1996) (citing *Midwestern Distrib., Inc. v. Paris Motor Freight*

*Lines, Inc.*, 53 F. Supp. 489 493-95 (E.D. Ark. 1983)). Where a motion to remand has been filed, the burden of persuasion remains on the removing party, and any substantial doubts as to the propriety of the removal must be resolved against proponents of the federal forum. *Pacheco de Perez v. AT&T Co.,* 139 F.3d 1368, 1373 (11th Cir. 1998); *Nicola Products Corp. v. Showard Kitchens, Inc.,* 682 F. Supp. 171, 173 (E.D.N.Y. 1988). Mammoth has failed to meet this burden in several respects.

First, Mammoth offers no evidence that Formula promised it would not object to removal on timeliness grounds. To the contrary, Formula made it clear that it intended to object to Mammoth's defective Notice of Removal. [D.E. 28 at 5, fn 3]. The Notice of Removal was untimely because of Defense counsel's mistaken impression that the Friday after Thanksgiving was a Court holiday. There is no evidence in the record that Formula ever communicated its intent to ignore this error in the filing of the removal petition.

Second, Mammoth will suffer no prejudice if the case is remanded to state court. Mammoth argues that Plaintiff's Motion "is devoid of any allegation of prejudice," but this argument actually bodes in favor of remand. Mammoth fails to offer any legal authority that places the burden on Formula to prove it has suffered prejudice. In fact, that burden rests with Mammoth, and we find that Mammoth has failed to meet that burden.

Third, Formula did not waive its objections to removal by "knowingly participating" in proceedings in this Court. Granted, Formula filed a Removal Status Report, a Motion for Enlargement of Time to Respond to Plaintiff's Motion to Vacate, and voluntarily consented and stipulated to Magistrate jurisdiction prior to filing its Motion to Remand. But these actions were in response to a Court Order that mandated certain filings within a fifteen day window, whereas Formula had thirty days to move for remand [D.E. 2]. We cannot fault Formula for prioritizing its response to the Court's Order before seeking a remand.

Mammoth's strongest argument in favor of waiver is Formula's consent to Magistrate Judge jurisdiction. However, had Formula not consented to this Court's jurisdiction, the case would have simply remained with the District Judge. Filing a joint consent does nothing to advance Formula's case. Thus, Formula's decision to consent to Magistrate Judge jurisdiction is not tantamount to "affirmative conduct" that furthers or prosecutes the case. *See Harris*, 97 F. Supp. 2d at 1152; *compare Koehnen*, 89 F.3d at 528 (plaintiff waived right to remand by filing an amended complaint in federal court which he "vigorously briefed and argued," and only moved for remand after his motion to amend was denied); *Intercoastal Refining Co., Inc. v. Jalil,* 487 F. Supp. 606, 608 (S.D. Tex. 1980) (plaintiff waived right to object to removal by filing a jury demand after removal).

Formula did not waive its right to object to removal, and it is not "offensive to fundamental principles of fairness" to remand this matter back to state court. After all, state courts are fully and, perhaps, better equipped to address cases such as this over contractual rights arising from real properties located within a particular state's jurisdiction. There are no material federal interests involved here. Mammoth's rights as a property owner in Broward County, Florida, will certainly be addressed and enforced by the state court sitting in that jurisdiction. And, although the undersigned would have been quite willing and, indeed, interested in working with the parties here to resolve this case had jurisdiction not been defectively obtained, the Court's personal interest in working on the case cannot trump a litigant's Constitutional right to choose a particular forum to adjudicate a civil dispute.

* * *

### *III.     CONCLUSION*

Based on the foregoing, it is hereby **ORDERED** that Formula's Motion to Remand [D.E. 26] is **GRANTED**. This case is **REMANDED** to the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County, Florida, pursuant to 28 U.S.C. § 1447. This case is now **CLOSED** and all pending motions are **DENIED AS MOOT** without prejudice to their adjudication before the Circuit Court.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 3rd day of January, 2007.

EDWIN G. TORRES
United States Magistrate Judge